1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10  STUSSY, INC.,                          )   Case No. 8:23−cv−01620−JWH−RAO
                                           )
11                      Plaintiff,         )
                                           )   **CONSENT DECREE AND**
12          v.                             )   **PERMANENT INJUNCTION**
                                           )
13  MARCOS VILLALVA;                       )
    VILLA CO.;                             )
14  RUIN MY LIFE INC. d/b/a BANNED         )
    LA and BANNEDLA;                       )
15  ERIC H. PARK; and                      )
    DOES 1 through 10, inclusive,          )
16                                         )
                        Defendants.        )
17                                         )

18

19

20

21

22

23

24

25

26

27

28

Stussy v. Villalva: [Proposed] Consent Decree (Park)

1    The Court, having read and considered the Joint Stipulation for Entry of

2    Consent Decree and Permanent Injunction that has been executed by Plaintiff Stussy,

3    Inc. ("Stussy" or "Plaintiff") and Defendants Ruin My Life Inc. d/b/a Banned LA and

4    BannedLA and Eric H. Park (collectively the "Park Defendants") in this action, and

5    good cause appearing therefore, hereby **ORDERS** that based on the Parties'

6    Stipulation and only as to the Park Defendants, their successors, heirs, and assignees,

7    this Consent Decree and Permanent Injunction shall be and is hereby entered in the

8    within action as follows:

9         1.    This Court has jurisdiction over the parties ("Parties") to this action and

10   over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq*., and 28 U.S.C.

11   §§ 1331 and 1338.  Service of process was properly made against the Park Defendants.

12        2.    Plaintiff has long used, prior to the acts of the Park Defendants as alleged

13   in the Complaint, its trademark STUSSY®, including without limitation, in standard

14   characters, in a graffiti style, and a script style, among others, including but not limited

15   to those identified in the attached Exhibit A (the "STUSSY Marks").

16        3.    Plaintiff has expended considerable resources in the creation and

17   commercial exploitation of the STUSSY Marks on merchandise and in the

18   enforcement of the intellectual property rights in the STUSSY Marks.

19        4.    Plaintiff has alleged that the Park Defendants have engaged in unlawful

20   activities related to converted apparel and have made unauthorized uses of the

21   STUSSY Marks or substantially similar likenesses or colorable imitations thereof.

22        5.    The Park Defendants and their agents, servants, employees,

23   representatives, successor and assigns, and all persons, firms, corporations or other

24   entities in active concert or participation with them who receive actual notice of the

25   Injunction are hereby restrained and permanently enjoined from engaging in activities

26   related to converted merchandise and from infringing – directly, contributorily or

27   vicariously – or enabling, facilitating, permitting, assisting, soliciting, encouraging,

28   inducing, authorizing, aiding or abetting, materially contributing to, or persuading

Stussy v. Villalva: [Proposed] Consent Decree (Park)

anyone to infringe in any manner the STUSSY Marks, including, but not limited to, manufacturing, importing, distributing, advertising, selling, offering for sale, any unauthorized product that features any of the STUSSY Marks ("Infringing Products" or "Disputed Products"), and, specifically:

a.      importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Products or any other unauthorized products that picture, reproduce, copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

b.      importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers that picture, reproduce, copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

c.      engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Park Defendants' customers and/or members of the public to believe the actions of the Park Defendants, the products sold by the Park Defendants or the Park Defendants themselves are connected with Stussy, are sponsored, approved, or licensed by Stussy, or are in some way affiliated with Stussy;

d.      affixing, applying, annexing, or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Stussy; or

e.      otherwise competing unfairly with Stussy in any manner.

6.      For clarity, nothing in this document prohibits Defendants from engaging in lawful activities that do not violate Plaintiff's rights.

7.     Plaintiff is entitled to, and shall recover from the Park Defendants, the sum of Fifty Thousand U.S. Dollars ($50,000.00), subject to the terms of the parties' Release and Settlement Agreement dated and effective January 17, 2024.

8.     Each side shall bear its own fees and costs of suit.

9.     Except as provided herein, all claims alleged in the Complaint are dismissed without prejudice.

10.     This Consent Decree and Permanent Injunction shall be deemed to have been served upon the Park Defendants at the time of its execution by the Court.

11.     The Court finds there is no just reason for delay in entering this Consent Decree and Permanent Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree and Permanent Injunction against the Park Defendants.

12.     The Court retains jurisdiction over the Park Defendants and of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree and Permanent Injunction or of the Parties' Release and Settlement Agreement.

**IT IS SO ORDERED.**

DATED: January 23, 2024

Hon. John W. Holcomb
United States District Judge

Stussy v. Villalva: [Proposed] Consent Decree (Park)

## EXHIBIT A

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| STUSSY | 1395006 | 5/27/1986 |
| STUSSY | 2054502 | 4/22/1997 |
| STUSSY | 2370712 | 7/25/2000 |
| STUSSY | 2393113 | 10/10/2000 |
| STUSSY | 3359114 | 12/25/2007 |
|  | 2060941 | 5/13/1997 |
|  | 3334366 | 11/13/2007 |
|  | 2357804 | 6/13/2000 |

Stussy v. Villalva: [Proposed] Consent Decree (Park)

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
|  | 5564337 | 9/18/2018 |
|  | 2357805 | 6/13/2000 |
| STÜSSY | 2504298 | 11/6/2001 |

Stussy v. Villalva: [Proposed] Consent Decree (Park)